IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01634–KMT

KELLY RAMOS,

     Plaintiff,

v.

STATE FARM MUTUAL INSURANCE COMPANY, a/k/a STATE FARM INSURANCE COMPANY,

     Defendant.

## ORDER

Before the court is "Defendant's Motion for Leave to Amend its Answer to Add Affirmative Defense." (["Motion"], Doc. No. 39.) Plaintiff has responded in opposition to the Motion, and Defendant has replied. (["Response"], Doc. No. 41; ["Reply"], Doc. No. 42.) For the following reasons, the motion is DENIED.

### STATEMENT OF THE CASE

Plaintiff Kelly Ramos ["Ramos"] brings this lawsuit against her automobile insurance provider, Defendant State Farm Mutual Insurance Company ["State Farm"], to recover underinsured motorists ["UIM"] benefits. (["Complaint"], Doc. No. 5.) According to the Complaint, on December 17, 2015, while driving westbound on Highway 50 in Pueblo, Colorado, Plaintiff was "struck from the rear by the front of [another] vehicle at a high rate of speed." (*Id.* at 2 ¶¶ 5-7.) Ramos claims to have sustained numerous injuries from the accident,

including "a traumatic brain injury, injury to neck, back, both legs, mouth, and [] severe cognitive and memory issues." (*Id.* at 3 ¶¶ 11-13.) Her resulting "economic loss" is said to exceed $450,000. (*Id.* at 3 ¶ 15.) At the time of the accident, Ramos reportedly held a policy with State Farm, which included UIM coverage. (*Id.* at 4 ¶ 20.) Plaintiff states that, subsequent to the accident, she and her husband "settled their individual claims with the [other driver] through [that driver's] insurance company." (*Id.* at 3 ¶ 16.) Ramos complains, however, that she has still "not been fully compensated" by her own insurer. (*Id.* at 3-4 ¶¶ 17-18.)

Based on these allegations, on May 2, 2019, Plaintiff commenced this action in Colorado state court. (Doc. No. 1 at 1, Ex. A.) Ramos brings three claims against State Farm: (1) determination and payment of UIM benefits; (2) bad faith breach of an insurance contract; and (3) unreasonable delay or denial of payment of a claim for benefits, pursuant to Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116.[1] (Compl. 4-7 ¶¶ 19-36.) On June 6, 2019, Defendant removed the case to federal court, pursuant to 28 U.S.C. § 1441, based on diversity of citizenship. (Doc. No. 1 at 1.)

Upon removal, on June 12, 2019, State Farm answered the Complaint, asserting various defenses to Ramos's claims, including lack of proximate cause, lack of jurisdiction, statutory limitations for non-economic loss, real party in interest, and set off. (Doc. No. 10 at 4-5.) The Answer does not allege a noncooperation defense. (Mot. 3; Resp. 4.)

---

[1] As relief, Plaintiff requests "all consequential compensatory damages caused by Defendant's actionable conduct, including economic losses measured by the limit of the State Farm . . . Policy, and non-economic damages for emotional stress, aggravation, annoyance, inconvenience, anger and other harm;" as well as interest, statutory penalties, and attorneys' fees. (Compl. 7.)

On August 5, 2019, this court held a Scheduling Conference and set certain pretrial dates, including a deadline of September 10, 2019 by which to amend pleadings. (Doc. No. 16; *see* ["Scheduling Order"], Doc. No. 17 at 13.) Neither party subsequently sought to amend its pleadings by that date. The amended pleadings deadline was never extended.

Prior to the close of discovery, on January 21, 2020, State Farm filed a motion for summary judgment, asserting that Ramos "failed to cooperate" with respect to the UIM claim, and thus, "forfeited any right to claim insurance benefits." (Doc. No. 28 at 6.) On February 11, 2020, Ramos filed a response to the motion for summary judgment, arguing that State Farm never properly pleaded a noncooperation defense, and thus, has waived any right to invoke it against her claims. (Doc. No. 32 at 9-10.) On February 25, 2020, State Farm filed its Reply and specifically addressed this issue. (Doc. No. 34 at 7-8.) The motion for summary judgment is fully briefed and pending.

On April 28, 2020, eleven weeks after filing its motion for summary judgment, State Farm filed the instant Motion, asking to amend its Answer to assert an affirmative defense of failure to cooperate. (Mot. 1.) Defendant argues that it should now be allowed to amend its pleading, under Federal Rule of Civil Procedure 15, because "it was not until after [Ramos] filed this lawsuit and State Farm filed its answer that State Farm learned [Ramos] withheld information that the parties agree is material to her UIM claim." (*Id.* at 3.) State Farm contends, specifically, that Ramos did not provide it with two Rule 35 independent medical examination ["IME"] reports, which were reportedly generated in her underlying lawsuit against the third-party driver, until the August 5, 2019 Scheduling Conference. (*Id.* at 2, 6-7.) The insurer likewise complains that Ramos failed to cooperate, as required by the terms of her policy, by

3

initiating the underlying action and later settling her claims against the third-party driver, "without notifying State Farm or obtaining its consent." (*Id.* at 2.) According to Defendant, "Plaintiff's failure to cooperate materially and substantially disadvantaged State Farm, which was denied the opportunity to participate in the underlying litigation, to review the evidence presented in that litigation, to review information prior to sending it to a Rule 35 examiner, to pose questions to the examiner, and to take depositions in the case[.]" (*Id.* at 6-7.) State Farm is adamant that "[t]he facts here are sufficient to support a noncooperation defense[.]" (*Id.* at 6.) The insurer contends, in the alternative, that Plaintiff impliedly consented to trying the failure to cooperate defense, because she "has been on notice of State Farm's position that she failed to cooperate . . . since at least July 29, 2019 when the parties filed the Proposed Scheduling Order and before discovery opened." (*Id.* at 4-6.)

The proposed Amended Answer, attached as an exhibit to the Motion, includes the following additional defense to the claims lodged by Ramos in the Complaint:

> Plaintiff's claims are barred by her failure to satisfy conditions precedent under applicable insurance policy. Plaintiff's failures to satisfy conditions precedent include, but are not limited to: her failure to provide State Farm notice of her lawsuit against the at fault driver; her failure to provide State Farm notice of her settlement in principle with the at fault driver or seek State Farm's prior approval of that settlement; and her failure to give State Farm as soon as reasonably possible all of the details, records, and information about her medical condition that State Farm needed to evaluate [her] insurance claim. Plaintiff's failures in these regard[s] materially and substantially prejudiced State Farm by preventing it from obtaining facts and information developed during the course of the underlying litigation, assessing and/or participating in allocation of funds received to settle that litigation, or considering information that plaintiff acknowledges undermines her claim.

(Mot. Ex. B at 5-6.) No other revisions are contained within Defendant's proposed pleading. (*Compare* Doc. No. 10, *with* Mot. Ex. B.)

4

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

In this case, Defendant filed its motion to amend on April 28, 2020, nearly seven months beyond the Scheduling Order deadline for amended pleadings. (*See* Scheduling Order 13.) "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Federal Rule of Civil Procedure 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. WellsFargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *see Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (explaining that a party must first show "good cause" to amend under Rule 16(b), and then show that amendment would be allowed under Rule 15(a)).

Federal Rule of Civil Procedure 16(b) allows modification of a scheduling order "only with good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" under

5

Rule 16(b) "is much different than the more lenient standard contained in Rule 15(a)." *Perez v. Denver Fire Dep't*, 243 F. Supp. 3d 1186, 1199 (D. Colo. 2017) (quoting *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)). Rule 16(b) "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment," rather than "the bad faith of the movant, or the prejudice to the opposing party." *Id.* In effect, "good cause" means that a scheduling order deadline "cannot be met despite the movant's diligent efforts." *Gorsuch*, 771 F.3d at 1242 (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)) (alteration omitted). Mere carelessness on the part of the movant "offers no reason for a grant of relief." *Perez*, 243 F. Supp. 3d at 1199 (quoting *Colo. Visionary Acad.*, 194 F.R.D. at 687). Further, although the Rule 16(b) standard may be met if a party learns new information from discovery, "[i]f the p[arty] knew of the underlying conduct but simply failed to raise [its claims] . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240 (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)).

## ANALYSIS

### A. Amendment under Rule 16(b)

The court must now consider, first, whether the "good cause" standard of Rule 16(b) has been met. *See Gorsuch*, 771 F.3d at 1241. In its Motion, Defendant does not address Rule 16(b), or offer any explanation as to why, despite diligent effort, it could not comply with the Scheduling Order deadline for the amendment of pleadings. Rather, Defendant argues only that amendment beyond the scheduling order deadline should be permitted "in the interests of justice to ensure State Farm can present all meritorious defenses of which [Ramos] has had notice since before discovery even opened." (Mot. 5-6.) However, given that the Rule 16(b) inquiry focuses

6

exclusively on the diligence of the movant, not the prejudice to the opposing party, the extent to which Plaintiff had prior notice of the proposed amendment is irrelevant. *See Colo. Vision Acad.*, 194 F.R.D. at 687.

To justify its delay in seeking to amend, Defendant argues that Plaintiff did not provide the two IME reports at issue until after it had already answered the Complaint. (Mot. 2-3.) Be that as it may, State Farm obtained the IME reports on August 5, 2019—one month *before* the deadline to amend pleadings. (*Id.* at 2; *see* Scheduling Order 13.) State Farm offers no explanation as to why it could not ultimately meet the September 10, 2019 deadline, why it never requested a deadline extension, or why it then waited an additional seven months to seek amendment. *See Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) ("Demonstrating good cause under [Rule 16(b)] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.") (alterations and citation omitted); *Weil v. Carecore Nat'l, LLC*, No. 10-cv-00799-CMA-CBS, 2011 WL 1938200, at *3 (D. Colo. Apr. 12, 2011) (finding a lack of good cause to amend four months beyond the scheduling order deadline, where the defendant "was first put on notice of the existence of [certain evidence] on June 1, 2010, but did not act to obtain [it] until mid-October," and then "waited for over a month to amend its Answer"); *c.f. Mock v. Allstate Ins. Co.*, No. 17-cv-02592-KLM, 2018 WL 6243912, at *2 (D. Colo. Aug. 31, 2018) (finding the Rule 16(b) standard met, where the defendant obtained "potentially significant discovery" after the amended pleadings deadline).

Importantly, the record shows that Defendant was put on notice of the information pertinent to its assertion of a noncooperation defense well before the September 10, 2019

7

deadline to amend pleadings.  Specifically, Plaintiff has produced uncontroverted evidence to show that Defendant possessed at least one of the two IME reports at issue prior to February 7, 2019.  (Resp. 3; *see* Doc. No. 33-5 at 1.)  It is likewise undisputed that State Farm knew about Ramos's lawsuit and settlement of claims against the third-party driver at least one year before this lawsuit was even filed.  (Resp. 1-2; *see* Doc. No. 33 at 35-36; Doc. No. 33-2 at 1.)  State Farm's failure to take any action to assert a failure to cooperate defense in this case until midway through discovery,[2] therefore, demonstrates a lack of diligence on its part.  *See Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (finding that the Rule 16(b) standard was not met, where the defendant, as of the filing of the lawsuit, possessed "documents from which it could have discovered and asserted the defense"); *Laurienti v. Am. Alternative Ins. Corp.*, No. 19-cv-01725-DDD-KLM, 2019 WL 6837999, at *3-4 (D. Colo. Dec. 16, 2019) (denying a motion to amend under Rule 16(b), where the plaintiff submitted uncontroverted evidence that the defendant "knew the facts relevant to its collateral estoppel defense well before the deadline to amend pleadings"); *House v. Leone*, No. 16-cv-02418-WJM-NYW, 2018 WL 1633596 (D. Colo. Apr. 5, 2018) (denying a motion to amend predicated upon the discovery of "new information," where such information "was always within [the defendants'] custody, possession, and control," and where the defendants "did not review these materials until well into the discovery period").

On this record, then, Defendant has not provided an "adequate explanation for the delay" to establish good cause for modifying the Scheduling Order.  *See Minter v. Prime Equip. Co.*,

---

[2] Discovery in this matter is set to close on July 7, 2020.  (Doc. No. 38.)  The expert disclosure deadlines expired before Defendant filed its motion to amend.  (Doc. Nos. 21, 38.)

451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  On that basis, alone, the motion to amend can be properly denied.  *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248-49 (10th Cir. 2015). Therefore, the court need not address whether amendment is proper under Rule 15(a).

## *B. Amendment under Rule 15(b)(2)*

As a final matter, Defendant argues, in the alternative, that its putative failure to cooperate defense should be deemed to be "tried by consent," pursuant to Federal Rule of Civil Procedure 15(b)(2).  (Mot. 6.)  In support of that contention, Defendant points to the following language from the August 5, 2019 Scheduling Order:

> It is disputed that plaintiff is entitled to benefits under the State Farm Policy because she failed to notify State Farm about the lawsuit with the underlying tortfeasor and then failed to seek State Farm's consent to settle the lawsuit with the tortfeasor prior to settlement as required by the Policy and although subsequent consent was sought and obtained, it was apparently based on incomplete and/or inaccurate information regarding the settlement terms.  It is not clear that plaintiff provided complete, accurate, and timely information to State Farm, and therefore whether plaintiff complied with her contractual obligations remains in dispute.

(Scheduling Order 6; *see* Mot. 6.)  The language in the Scheduling Order came directly from the Proposed Scheduling Order submitted jointly by the parties.  (*See* Doc. No. 13 at 6.)  Defendant contends that Plaintiff's counsel's signature on the Proposed Scheduling Order constitutes Plaintiff's "written consent to the addition of a failure to cooperate defense."  (Mot. 4.)

Under Rule 15(b)(2), a pleading may be amended to include an issue that "is tried by the parties' express or implied consent."  Fed. R. Civ. P. 15(a)(2); *see Green Country Food Mkt., Inc. v. Bottling Grp., LLC*, 371 F.3d 1275, 1280 (10th Cir. 2004) ("Rule 15(b) is intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel") (alterations and citation omitted).  However, to the extent Rule

15(b)(2) even applies before trial,[3] Defendant cites no authority for the proposition that such amendment can be achieved through the opposing party's endorsement of the scheduling order, or that statements made within a scheduling order can otherwise satisfy the pleading requirements for a failure to cooperate defense.[4]  *See* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]").

Here, the Scheduling Order language relied upon by Defendant does not explicitly mention a "failure to cooperate," or any "material and substantial disadvantage" suffered by State Farm.  *See New Cingular Wireless PCS, LLC v. Cty. of Bernalillo*, No. 1:13-CV-01056-JAP-SMV, 2015 WL 11089517, at *4 (D.N.M. Jan. 5, 2015) (rejecting a plaintiff's argument that the defendant impliedly consented to the addition of an unreasonable discrimination claim in a motion for summary judgment, where the motion for summary judgment did not mention "unreasonable discrimination" at all); *see also Soicher v. State Farm Mut. Auto. Ins. Co.*, 351 P.3d 559, 565 (Colo. App. 2015) (finding that an insurer's "general assertion of a bad faith defense did not specifically apprise [the insured] of a contract-voiding noncooperation defense," given that a required element of a failure to cooperate defense under Colorado law is "material and substantial disadvantage to the insurer").  Indeed, certain wording in the Scheduling Order appears to suggest an ongoing investigation into Plaintiff's actions, rather than the insurer's

---

[3] Tenth Circuit case law is unclear as to whether Rule 15(b)(2) applies even at the summary judgment stage.  *See Ahmad v. Furlong*, 435 F.3d 1196, 1203 n.1 (10th Cir. 2006).

[4] Under Colorado law, which applies here, it remains an open question whether noncooperation is an affirmative defense or a failure of a condition precedent.  *See Soicher v. State Farm Mut. Auto. Ins. Co.*, 351 P.3d 559, 564 (Colo. App. 2015).  To the extent noncooperation is an affirmative defense, it "must be specifically asserted in a party's responsive pleading or it is waived."  *Id.*  To the extent noncooperation is a failure of a condition precedent it must be pled "specifically and with particularity."  *Id.* at 565.

10

assertion of a new defense.  (*See, e.g.,* Scheduling Order 6 ("It is *not clear* that plaintiff provided complete, accurate, and timely information to State Farm, and therefore whether plaintiff complied with her contractual obligations *remains in dispute*.")) (emphasis added).

Further, although the Scheduling Order language does intimate Plaintiff's noncooperation, the statements lend equal support to Defendant's contention that it did not unreasonably delay or deny payment of the UIM claim.  *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1217 (10th Cir. 2000) ("When the evidence claimed to show that an issue was tried by consent is relevant to an issue already in the case, and there is no indication that the party presenting the evidence intended thereby to raise a new issue, amendment may be denied in the discretion of the trial court."); *New Cingular Wireless*, 2015 WL 11089517, at *3 ("Plaintiff's sole evidence of consent—submission of evidence relevant to a claim for unreasonable discrimination but also relevant to Plaintiff's effective prohibition and state law claims—cannot suffice to show implied consent.").

Finally, nothing in the record suggests that either party understood the Scheduling Order to operate as an amendment to Defendant's original Answer.  To the contrary, Plaintiff immediately challenged Defendant's assertion of a noncooperation defense in its motion for summary judgment.  *See In re Santa Fe Downs, Inc.*, 611 F.2d 815, 817 (10th Cir. 1980) ("Rule 15(b) makes no provision for automatic amendment when, as here, proper objections are made to the admission of evidence."); *see also Eller v. Trans Union, LLC*, 739 F.3d 467, 479 (10th Cir. 2013) ("A party impliedly consents to the trial of an issue not contained within the pleadings either by introducing evidence on the new issue or by failing to object when the opposing party introduces such evidence."); *Soicher*, 351 P.3d at 567 (finding no express or implied consent to

amend under Colorado law, where "nothing in the record" showed that the plaintiff "understood [certain] evidence was being introduced on the unpleaded defenses"). In addition, State Farm did not even obtain the information that it claims to be most relevant to its assertion of a noncooperation defense until one week after the parties submitted the Proposed Scheduling Order. (*See* Mot. 2-3; Doc. No. 13.) Thus, insofar as a theory of implied consent could create good cause to modify the scheduling order, State Farm's arguments on this issue are unavailing. For that reason, the court will not exercise its discretion to allow amendment under Rule 15(b)(2).

Accordingly, it is

**ORDERED** that "Defendant's Motion for Leave to Amend its Answer to Add Affirmative Defense" (Doc. No. 39) is **DENIED**.

Dated this 22nd day of June, 2020.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge